**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HESS CORPORATION,
a Delaware corporation,

    Plaintiff,

vs.                                                  CASE NO. 3:08-cv-883-J-34TEM

FLORIDA-GEORGIA TRUCKING, INC.,
a Florida corporation,

    Defendant.
_____

## O R D E R

This case is before the Court on Plaintiff's Motion for the Entry of a Default and a Default Judgment Against Defendant Florida-Georgia Trucking, Inc. Pursuant to Rule 55(b)(2) Fed.R.Civ.P. (Doc. #8, Motion for Clerk's Default).[1] This case was brought in federal court under the Court's diversity jurisdiction. 28 U.S.C. § 1332 (2008). A review of the record reveals Plaintiff, a Delaware corporation, filed a complaint (Doc. #1) against Defendant, a Florida corporation, on September 15, 2008, and a Summons was issued the same day. A Return of Service (Doc. #6) was filed on October 23, 2008; however, on October 24, 2008, Dynamic Auto Sales filed a Notice of Improper Service of Process and Lack of Jurisdiction (Doc. #7, Notice). In the Notice, Dynamic Auto Sales stated Defendant Florida-Georgia Trucking, Inc., had not been properly served because Defendant no longer

---

[1] The filed document was docketed with two separate docket entries to denote the separate forms of sought relief (*see* Docs. #8, #9). On November 7, 2008, the District Court denied Plaintiff's motion to the extent Plaintiff sought default judgment (Doc. # 10, Court Order). The District Court reasoned that Plaintiff's Motion for Clerk's Default remained pending, and pursuant to Rule 55 a default judgment will not be entered until after a clerk's default has been entered.

conducted business at the address on the Return of Service and no one accepted service for Defendant at the address on the Return of Service. Irrespective of Dynamic Auto Sales' Notice, Plaintiff filed the motion requesting a clerk's default and a default judgment (Docs. #8, #9) on October 31, 2008.[2] The Plaintiff bears the burden to establish proper service of process when challenged. *Kelly v. Florida*, 233 F.R.D. 632, 634 (S.D. Fla. 2005).

Rule 4 of the Federal Rules of Civil Procedure establishes the procedure required to provide a defendant with notice of an action. A domestic corporation within this District may be served with process by following applicable state law or by delivering the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law. Fed. R. Civ. P. 4(h) (2007). Once a defendant has been served with notice of an action, a return of service is filed with the Court. A return of service which is regular on its face is presumed valid; however, this presumption may be rebutted by clear and convincing evidence. *County Sanitation, Inc. v. Jean*, 559 So. 2d 1269, 1270 (Fla. 4th DCA 1990); *Nat'l Safety Assocs v. Allstate Insurance. Co.*, 799 So. 2d 316, 317 (Fla. 2d DCA 2001).

As this case falls involves litigation between two corporations, Florida Statute § 48.081 will govern service of process on the Defendant corporation if the service is not made under Fed. R. Civ. P. 4(h)(1)(B). *See* Fed. R. Civ. P. 4(h)(1)(A). The Florida statute uses a hierarchal approach and, according to section (1)(a)-(d), states that process may be served:

(a) On the president or vice president, or other head of the corporation;

---

[2]In the motion, Plaintiff sought the entry of a default and a default judgment against Defendant based on Defendant's failure to plead in response to the complaint.

> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081 (2006).

Here, the Court finds the Return of Service (Doc. #6) filed by Plaintiff is insufficient. Defendant's address on the Summons is listed as 280 Lee Road, Jacksonville, Florida 32225; however, after service was unsuccessfully attempted at this address, the Process Server served the Summons and complaint on a Mr. Eric Walton, who is the office manager for Greentree Nurseries, at 340 Lee Road, Jacksonville, Florida 32225 (*see* Doc. #6 at 2). This address is not Defendant's address, and Mr. Walton was not employed by Defendant or Defendant's Registered Agent, Iman M. Darwiche, when he was served. *See Sierra Holding, Inc. v. Sharp Electronics Corp.*, 436 So. 2d 324 (Fla. 4th DCA 1983) (per curiam) (service was invalid when individual served was not employed by appellant); *Sunrise Assisted Living v. Ward*, 719 So. 2d 1218, 1220 (Fla. 5th DCA 1998) (service was invalid when the individual served was not employed by appellant but by a corporation with a very similar name). Thus, the filed Return of Service is not "regular on its face." *See County Sanitation, Inc.*, 559 So. 2d at 1270.

Even if Mr. Walton had been employed by Defendant, service would still be invalid because Fed. R. Civ. P. 4(h)(1)(B) requires service on a corporate officer or an authorized agent and Fla. Stat. § 48.081 requires service to be attempted on corporate superiors before substituted service may be made on an inferior employee. In fact, if an inferior employee is served, the return of service must show that all corporate superiors were

3

absent at the time of service. *See Nat'l Safety*, 779 So. 2d at 318 (service was invalid when the return of service failed to show the absence of all superior officers); *Saridis v. Vista St. Lucie Ass'n*, 804 So. 2d 372 (Fla. 4th DCA 2001) (per curiam) (the court held that the affidavit accompanying the return of service must show the necessity of substitute service on an inferior employee).

The Court finds there is no evidence that service was attempted on any corporate superiors, such as Defendant's president, vice president, or other head of corporation. Furthermore, there is no evidence that substituted service was attempted on any inferior employees, such as Defendant's cashier, treasurer, secretary, general manager, or in their absence, on Defendant's director, officer, or business agent. Even if it is assumed, in arguendo, that Mr. Walton was employed by Defendant, his position as office manager does not fit in any of the categories prescribed by Fed. R. Civ. P. 4(h)(1)(B) or Fla. Stat. § 48.081, and therefore, service would still be invalid. *See, e.g., Suntrust Banks v. Don Wood*, 693 So. 2d 99, 101 (Fla. 5th DCA 1997) (substituted service was invalid when individual served was a clerical employee).

Accordingly, upon due consideration it is hereby **ORDERED:**

Plaintiff's Motion for a Clerk's Default (Doc. #9) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of January, 2009.

Copies to counsel of record

**THOMAS E. MORRIS**
United States Magistrate Judge